UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID INCOME LIMITED,<br><br>          Plaintiff,<br><br>     v.<br><br>ENERGYINVEST LLC,<br><br>          Defendant. | Case No. 24-mc-80224-SK<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Regarding Docket Nos. 7, 9, 22 |

Solid Income Limited ("Solid Income") moves to compel third parties EnergyInvest Holdings, LLC, Effervescence Champagne Import LLC, and HomeEnergy, Inc. (collectively, "the Third Parties") to respond to subpoenas issued to them pursuant to Federal Rule of Civil Procedure 45. Solid Income also seeks contempt under Rule 45(g). For the reasons set forth below, the Court GRANTS the motion to compel and DENIES the motion for contempt.

Solid Income obtained a judgment against EnergyInvest LLC (an entity separate from but related to the Third Parties) in the Southern District of New York after obtaining an award in arbitration. (Dkt. No. 9.) Solid Income asserts that Thomas Enzendorfer owns and operates EnergyInvest LLC and the Third Parties "through his wife, Laura Enzendorfer." (Dkt. No. 9.) Solid Income registered the judgment in this District, but EnergyInvest LLC has not paid the judgment. (Dkt. No. 9.) Solid Income propounded subpoenas on the Third Parties, and the Third Parties refused to respond in any way. Solid Income served the subpoenas on Thomas Enzendorfer on Mary 23, 2025. (Dkt. No. 10.)

The Third Parties proffer several reasons why they are not required to respond to the subpoeonas, none of which are valid.

**A. Solid Income Properly Served the Subpoenas.**

The Third Parties claim that Solid Income did not properly serve them. However, Solid

Income complied with the Federal Rules of Civil Procedure in effecting service. The Third Parties claim that California's rules regarding service of process apply, and that Solid Income failed to serve the third parties or their registered agent for service of process as required by section 684.020(a) of the California Code of Civil Procedure.

Solid Income argues that service was proper under Federal Rule of Civil Procedure 69. Rule 69(a) provides a process for collection of a monetary judgment and states that the "procedure on execution—and in proceedings supplementary to and in aid of that judgment or execution— must proceed in accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Furthermore, Rule 69(b) allows a judgment creditor to obtain discovery "from any person" "as provided in" the Federal Rules of Civil Procedure "or by the procedure of the state where the court is located." Thus, for purposes of discovery, a judgment creditor can use the process provided by either the Federal Rules of Civil Procedure or California state law.

Federal Rule of Civil Procedure 4(h)(1)(B) provides for service to an officer or managing or general agent of an entity. Solid Income personally served Thomas Enzendorfer, the officer and/or managing or general agent for each of the Third Parties. (Dkt. No. 10.) The Third Parties do not dispute that Solid Income served Thomas Enzendorfer and do not dispute that he is an officer and/or managing or general agent for each of the Third Parties. Accordingly, the Third Parties were properly served.

**B. Local Rule 37-2 Does Not Apply.**

The Third Parties argue that Solid Income did not comply with Local Rule 37-2, which provides that a "motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto" and detail how each request satisfies Federal Rule of Civil Procedure 26. Solid Income correctly argues that Local Rule 37-2 does not apply to a situation where, as here, there is no response at all.

**C. The Requested Discovery Is Allowed.**

The Third Parties now make several substantive objections to the subpoenas. However, they have waived any objections because they did not respond at all and definitely did not meet the deadline set forth by Federal Rule of Civil Procedure 45. Failure to object in a timely manner

2

waives all objections unless there is good cause for the failure. *See, e.g., Sacks Holdings, Inc. v. Vaidya*, 2024 WL 4730424 at *4 (N.D. Cal. Nov. 7, 2024) (citation omitted). Factors showing good cause for missing the deadline for objections include the following:

> (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena.

*Id*. (citations omitted). The Third Parties do not address these factors directly but suggest that the subpoenas are overbroad, the subpoenas exceed the bounds of fair decency, and the Third Parties are acting in good faith. As to the third factor, the Third Parties' counsel were in contact with Solid Income's counsel but made clear the Third Parties would not comply.

The Third Parties claim that Solid Income cannot pursue discovery because of the arbitration tribunal's judgment. This argument has no basis in law, as the ability of a judgment creditor to seek information extends to all parties. Also, the Third Parties cite no legal basis for this position.

The Third Parties also argue that Solid Income cannot seek discovery against Thomas Enzendorfer because Solid Income did not pursue him in bankruptcy. This argument makes no sense and has no authority in the law because Solid Income is not pursuing Thomas Enzendorfer in these subpoenas. Judicial estoppel does not apply unless a party's later position is clearly inconsistent with its earlier position. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citations omitted). A strategic decision not to pursue a person in bankruptcy does not prevent a judgment creditor from seeking discovery under Rule 69 against parties affiliated with that person in bankruptcy.

The Third Parties argue that the stay of proceedings in a separate fraudulent transfer action before this Court precludes the Court from ordering discovery in this matter. In a separate action pending before this Court, Solid Income has alleged fraudulent transfer claims against Energyinvest LLC, the judgment debtor, as well as Thomas Enzendorfer, Laura Enzendorfer, the Third Parties, and two additional entities. (*Solid Income Ltd. v. Energyinvest LLC*, 24-09422-

HSG, Dkt. No. 1.)  Again, the Third Parties' argument is misplaced because that case is separate, and there is no legal prohibition on seeking discovery against the Third Parties in this matter.

The Third Parties argue that discovery is improper because the judgment creditor has been made whole.  This is an objection that the Third Parties should have made in a timely manner but did not.  This Court will not make a determination that the judgment has been satisfied based on the scant record here.

Finally, the Third Parties argue that the requests are improper because they seek more than the judgment debtor's assets.  Not only did the Third Parties fail to make this objection, the Third Parties are incorrect about the scope of discovery.  The scope of discovery under Rule 69 encompasses the ability to find actual assets, uncover hidden assets, and trace assets.  *JW Gaming Development, LLC v. James*, 2021 WL 2322265, at *4 (N.D. Cal. June 7, 2021) (citations omitted).  For this reason, the scope of discovery is very broad.  *Id*.  The presumption should be in favor of discovery.  *Id*. (citations omitted).

For these reasons, the Court finds that the Third Parties waived their objections and that their objections do not rise to the level of good cause for failing to object.  And even considering the objections on their merits, the Court finds that none of the objections are meritorious.

Finally, with regard to the motion for contempt, the Court DENIES the motion.  The Court ORDERS the Third Parties to comply with the subpoenas by September 24, 2025.

**IT IS SO ORDERED**.

Dated: August 21, 2025

_____
SALLIE KIM
United States Magistrate Judge

4